UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY ORLANDO WHITE | ) | |
| | ) | |
| v. | ) | No. 3:16-00483 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court are the Petitioner's Unopposed Motion To Vacate Sentence In Accordance With 28 U.S.C.§ 2255 (Docket No. 1); the Petitioner's Supplement To § 2255 Petition (Docket No. 5); and the Government's Response (Docket No. 6).

For the reasons set forth herein, the Motion To Vacate Sentence (Docket No. 1) is GRANTED. The re-sentencing hearing is set by separate order in Criminal Case No. 3:08-00088.

II. Procedural Background

In the underlying criminal case, the Petitioner was charged with being a convicted felon in possession of a firearm (Count One) and ammunition (Count Two), in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket No. 13 in Case No. 3:08-00088). After a three-day trial, the Petitioner was convicted of both charges. (Docket Nos. 103, 107 in Case No. 3:08-00088).

At the subsequent sentencing hearing, now-retired District Judge Thomas A. Higgins sentenced the Petitioner to 200 months of imprisonment. (Docket Nos. 128, 129 in Case No. 3:08-00088). In reaching his decision, Judge Higgins determined that the Petitioner qualified as an Armed Career Criminal based on three prior convictions in Tennessee: (1) a June 3, 1997

conviction of Aggravated Assault in the Davidson County Juvenile Court; (2) a September 17, 2001 conviction of Aggravated Robbery in the Davidson County Criminal Court; and (3) a September 17, 2001 conviction of Evading Arrest With Risk of Death or Injury in the Davidson County Criminal Court. (Id.; Docket Nos. 131, at 7; Docket No. 124 in Case No. 3:08-00088). The Petitioner appealed, and the Sixth Circuit affirmed his convictions and sentence. (Docket Nos. 130, 138 in Case No. 3:08-00088). The Supreme Court subsequently denied Petitioner's petition for writ of certiorari. (Docket No. 141 in Case No. 3:08-00088).

### III. Analysis

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three or more prior convictions for a "violent felony" or a "serious drug offense:" The ACCA defines "violent felony" as follows:

> (e)(2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

2

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court held that the last clause of the definition, the so-called "residual clause," is unconstitutionally vague. In In re Watkins, 810 F.3d 375 (6th Cir. 2015), the Sixth Circuit held that the Johnson decision is retroactively applicable on collateral review.

The Petitioner contends that his prior conviction for Evading Arrest no longer counts as an ACCA predicate offense because it was found to be a "violent felony" under the "residual clause," which is no longer viable under Johnson. See, e.g., United States v. Franklin, 622 Fed. Appx. 501, 514 (6th Cir. July 31, 2015)(Tennessee conviction for Evading Arrest no longer qualifies as violent felony under the ACCA because it satisfies definition in "residual clause" only, not the definition in the "elements clause" or the "enumerated offenses clause"). In its Response, the Government agrees that the Petitioner is eligible for re-sentencing.

The Court agrees that the Petitioner no longer qualifies as an Armed Career Criminal under applicable law, and that he is entitled to re-sentencing. Accordingly, the Motion To Vacate is GRANTED, and the Court will hold a re-sentencing hearing to be set by separate order in Case No. 3:08-00088.[1]

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] The Petitioner may raise his argument regarding merger of the two counts of conviction at the re-sentencing hearing.